**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph DeCarlo; on his own behalf, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Watermark Retirement Communities, LLC; and Does 1 - 100,<br><br>Defendants. | CASE NO. 2:23-cv-01659-DSF-RAO<br><br>**FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**INTRODUCTION**

A. In this action, Plaintiff Joseph DeCarlo has moved for final approval of the class action settlement entered into with Defendant Watermark Retirement Communities, LLC.

B. The terms and conditions of the settlement are set forth in the parties' Stipulation of Settlement. ECF 28-2. Among other terms, the Settlement Stipulation includes a proposed Court-ordered Injunction. *Id*. The definitions in the Settlement Stipulation and Injunction are incorporated as though fully set forth in this Order.

C. The Settlement Class is defined as all persons who resided at one of the Watermark California Communities (defined below) at any time during the Settlement Class Period who contracted with and paid money to Watermark pursuant to a Residency Agreement, and whose claims are not subject to arbitration because: (1) neither the Resident nor Resident's Responsible Party (as defined in the Residency Agreement) agreed to or accepted an arbitration provision in writing; or (2) if arbitration was initially accepted, the Resident or Resident's Responsible Party rescinded acceptance within the 30-day period prescribed in the Residency Agreement. Excluded from the Settlement Class are (i) Watermark and any Watermark officer, director, or employee; (ii) any Settlement Class Member (or their legal successors) who submits a valid and timely Request for Exclusion; and (iii) the judge to whom this Action is assigned and any members of such judge's immediate family.

D. The "Watermark California Communities" are: The Watermark at Almaden; Fountains at Sea Bluffs; Fountains at Carlotta; Watermark at San Ramon; Cottages of Carmel; Watermark at Napa Valley; Watermark at Westwood Village; Watermark by the Bay; Crown Cove; Raincross at Riverside; Whittier Place; Fremont Hills; Sagebrook Senior Living at San Francisco; Watermark Laguna Niguel; Sonrisa Senior Living; Hacienda Mission San Luis Ray; Watermark at Rosewood Gardens; Lakeside Park; and Watermark at Beverly Hills.

E. The Settlement Class Period runs from March 6, 2019 through and including April 28, 2025,[1] provided that:

1. For Residents of The Watermark at Almaden, the Settlement Class Period commences on February 1, 2023;

2. For Residents of Sonrisa Senior Living, the Settlement Class Period commences on October 19, 2023;

3. For Residents of Hacienda Mission San Luis Ray, the Settlement Class Period commences on September 1, 2023;

4. For Residents of Watermark Laguna Niguel, the Settlement Class Period commences on September 15, 2023;

5. For Residents of Fountains at Sea Bluffs, the Settlement Class Period is limited to March 6, 2019 through March 31, 2023;

6. For Residents of Fountains at Carlotta, the Settlement Class Period is limited to March 6, 2019 through April 30, 2023;

7. For Residents of Watermark at San Ramon, the Settlement Class Period is limited to October 1, 2020 through April 14, 2024;

8. For Residents of Cottages of Carmel, the Settlement Class Period is limited to March 6, 2019 through April 14, 2024;

9. For Residents of Watermark at Napa Valley, the Settlement Class Period is limited to October 1, 2020 through April 14, 2024;

10. For Residents of Watermark at Westwood Village, the Settlement Class Period is limited to April 1, 2021 through April 14, 2024;

11. For Residents of Watermark by the Bay, the Settlement Class Period is limited to March 6, 2019 through June 30, 2024;

12. For Residents of Crown Cove, the Settlement Class Period is limited to March 6, 2019 through June 30, 2024;

13. For Residents of Raincross at Riverside, the Settlement Class Period is limited to March 6, 2019 through June 30, 2024;

14. For Residents of Whittier Place, the Settlement Class Period is limited to March 6, 2019 through June 30, 2024;

---

[1] Under the Settlement Stipulation, the Settlement Class Period terminates three business days prior to the Class Notice Date. ECF 28-2, ¶ 1.32. As the Class Notice Date is May 1, 2025 (*id.,* ¶ 1.17), the Settlement Class Period terminates on April 28, 2025, except as stated here.

      15.    For Residents of Fremont Hills, the Settlement Class Period is limited to March 6, 2019 through September 4, 2024;

      16.    For Residents of Sagebrook Senior Living at San Francisco, the Settlement Class Period is limited to April 1, 2022 through September 30, 2024.

F.    The "Settlement Class Notice" means the class notices attached as Exhibit A (long form) and Exhibit B (short form) to the Declaration of Jennifer Forst in Support of Plaintiff's Motion for Final Approval of Class Action Settlement. ECF 34-12.

G.    Pursuant to prior Court order, the following Counsel have been approved to serve as Class Counsel for the settlement administration: Stebner Gertler & Guadagni; Schneider Wallace Cottrell Konecky LLP;[2] and Marks, Balette, Giessel & Young, P.L.L.C. ECF 33, ¶ 10.

## **FINDINGS**

Having considered the Parties' Settlement Stipulation, along with the briefing, declarations, and supporting materials filed with respect to the pending motion, the record in this case, and the statements of counsel at the hearing on this motion, and good cause appearing, the Court makes the following findings:

1.    This Court has jurisdiction over the subject matter and parties to the action pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1453, and 28 U.S.C. § 1367.

2.    The class action settlement in this action, as described in the Settlement Stipulation and Injunction, is approved as fair, reasonable, and adequate. Plaintiff, by and through his counsel, has investigated the facts and law related to the matters alleged in the action and has evaluated the risks associated with continued litigation, trial, and appeal. The Court finds that the Settlement Stipulation was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations

---

[2] Pursuant to the Notice of Change of Attorney Business or Contact Information filed on July 2, 2025, the firm subsequently became Schneider Wallace Cottrell Kim LLP. ECF 37.

between the parties represented by experienced counsel and a mediation session before an experienced neutral.

3. Consistent with the Court's preliminary determination, the Court finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) and is certified for settlement purposes only; that the Named Plaintiff is an adequate representative of the Settlement Class and is appointed Class Representative, and the attorneys identified above are approved to serve as Class Counsel during the settlement administration. *See* ECF 33.

4. The Court finds that the Settlement Stipulation confers substantial benefits upon the Settlement Class, particularly in light of the injunctive relief and the damages potentially recoverable at trial and the defenses that would be asserted and pursued, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and appeal.

5. In accordance with the Court's prior order, the Settlement Class Notice was disseminated to the Settlement Class. ECF 34-12 (Forst Declaration), ¶¶ 3-6. The Court finds that the Settlement Class Notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice and meets the requirements of due process and Rule 23. The Court further finds that the Settlement Class Notice complies with Rule 23(c)(2)(B) by providing individual notice to all Settlement Class Members who could be identified through a reasonable effort, and further providing notice by publication and website posting to apprise the Settlement Class Members of the pendency of the Action, the terms of the Settlement Stipulation, and the right to object to and be excluded from the Settlement Stipulation. The Court finds that dissemination of the Settlement Class Notice met the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6. Under the Settlement Stipulation, settlement funds not paid to Settlement Class Members will be paid by *cy pres* to Groceries for Seniors. ECF 28-2 (Settlement

1    Stipulation), ¶ 7.9. Groceries for Seniors is a proper *cy pres* recipient in this matter.

## ORDER

Good cause appearing, IT IS ORDERED and ADJUDGED as follows:

7. Plaintiffs' motion for final settlement approval is granted. The class action settlement as set forth in the Settlement Stipulation is fair, reasonable, and adequate. Fed. R. Civ. Pro. 23(e)(2).

8. The Named Plaintiff is approved as an adequate and typical representative of the Settlement Class. The above-referenced Class Counsel are approved to represent the Settlement Class in the administration of the settlement.

9. The Injunction is approved and shall commence, according to its terms, on the Effective Date (as defined in the Settlement Stipulation) and shall remain in place for 30 months from that date, unless otherwise extended by the Court.

10. On the Effective Date (as defined in the Settlement Stipulation), and subject to fulfillment of all the terms of the Settlement Stipulation, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim against any Released Party in any court or any forum.

11. The approved Settlement Administrator (CPT Group) shall carry out settlement administration in accordance with the terms of the Settlement Stipulation.

12. Groceries for Seniors is approved as the *cy pres* recipient for settlement funds not distributed to Settlement Class Members in accordance with the terms of the Settlement Stipulation.

13. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Judgment, the Settlement Stipulation, the Injunction, and all matters ancillary thereto.

14. Any objections to the Settlement Stipulation and approval of this settlement are expressly overruled.

15. Within 60 days after all Settlement Awards and *cy pres* payments (if any) have been paid, Plaintiffs shall file a compliance report with the Court. The

report shall include a declaration from the Settlement Administrator (CPT Group) specifying the amounts paid to Settlement Class Members and (if applicable) to the *cy pres* recipient, Groceries for Seniors.

        IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: July 23, 2025

                                      Dale S. Fischer
                                      United States District Judge